Dear Mr. Litchfield:
Your letter of November 16, 1982 requesting the opinion of this office has been referred to the Criminal Division for research and reply. Your questions, as we appreciate them are:
 (1)Do the officers of the following agencies fall into the category of "peace officer" as defined in La. R.S. 40:2402?
 (a)Correctional personnel (local and state agencies
 (b)Wildlife Fisheries Agents
 (c)Department of Health Human Resources Security personnel (Charity Hospitals)
 (d)Capitol police
 (e)Airport Security Officers
 (f)Levee Board Police
 (g)New Orleans Harbor Police
 (h)Campus police
 (i)Department of Agriculture (Brand Commission Officers)
 (j)Department of Public Safety Revocation Officers
 (k)Department of Public Safety Security Personnel
 (l)Department of Transportation (Weights 
Standards Officers)
 (m)Department of Corrections (Probation Parole Officers)
 (n)Mississippi River Bridge Police (o)District Attorneys' Investigators
 (p)State Fire Marshalls (q)Louisiana State Parks
 (r)Alcohol Beverage Control Board Officers
 (s)Department of Health Human Resources (Support Enforcement Officers)
 (2)Must the officers who are employed by these agencies after January 1, 1983 complete the basic law enforcement training course as defined in La. R.S. 40:2405?
Louisiana Revised Statute 40:2402 defines peace officer as "any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department."
Having analyzed this particular statute it is our opinion that the legislation was intended to cover those individuals whose day to day activities bear a substantial relationship to those skills taught in the basic law enforcement training program. Stated another way, could the employee adequately perform his duties without training in the areas of search and seizure, arrest and search warrants? In addition is the employee routinely responsible for the prevention and detection of crime or for the enforcement of the penal, traffic or highway laws of this state? This implies that only those individuals who havesubstantial contact with the public in the performance of law enforcement related duties should be considered "peace officers" as defined in La. R.S. 40:2402. This is opposed to those individuals who may perform some of these functions such as arrest but do so within a specialized environment or situation. An example of the latter would be a guard at a state prison facility or a security guard at one of the charity hospitals. Using these criteria the following opinion is rendered.
 (A) Correctional Personnel (local state agencies)
 A review of the job descriptions (Exhibit "A" attached hereto) indicates that correctional personnel do not fall within the category of "peace officer" as defined by La. R.S. 40:2402. While probation and parole officers do have the authority to make an arrest they do so within the context of their supervision of parolees and probationers and not the general public. It is our opinion that these employees do not routinely perform the duties outlined in La. R.S. 40:2402.
 (B)Wildlife Fisheries agents:
 A review of the job descriptions attached as Exhibit "B" indicates that all enforcement agents would be classified as peace officers under La.R.S. 40:2402.
 (C)Department of Health Human Resources Security Personnel (Charity Hospitals)
 A review of Exhibit "C" which is attached hereto indicates that these persons would not be classified as peace officers under the statute. This is based on the fact that they too function in a specialized environment and do not routinely perform those duties set out in La. R.S. 40:2402.
 (D)Capitol Police:
 La. R.S. 49:149 et. seq. creating the capitol police clearly indicates that these officers fall within the intent of the statute and would be considered peace officers.
 (E)Airport Security Officers
 (1) Baton Rouge Metro Airport, full time employees empowered with the same authority as Baton Rouge City Police Department by special act of the City-Parish Government of Baton Rouge. These employees would be classified as "peace officers".
 (2) Shreveport Metro Airport. These are full time employees commissioned by the Shreveport City Police Department. These employees are classified as peace officers.
 (3) Alexandria Regional Airport: Full-time employees commissioned by the Rapides Parish Sheriff's Office. These employees would be classified as peace officers.
 (4) Lafayette Airport. These are full time employees commissioned by the Lafayette Parish Sheriff's Office and they would also be classified as peace officers.
 (5) Lake Charles Chennault Field. These are full time employees commissioned by the Calcasieu Parish Sheriff's Office with pay supplemented by the Airport Commission. These employees would be classified as peace officers.
 (6) Monroe Selman Field. These are city police officers commissioned by the City Police Department of Monroe and would also be considered peace officers.
 (F) Levee Board Police
 Only three levee boards have full time policemen, Jefferson Levee District, Orleans Levee District and the Ponchartrain Levee District. The Jefferson Levee officers are commissioned by the Louisiana Department of Public Safety and would be classified as peace officers. The Orleans Levee District officers are commissioned by the New Orleans City Police Department and would be classified as peace officers. The Ponchartrain Levee District officers are commissioned by the Louisiana Department of Public Safety and operate under the authority of La. R.S. 38:1328. They would also be classified as peace officers. We checked with the remaining levee districts and find that they have no full-time police officers.
 (G) New Orleans Harbor Police
 La. R.S. 34:26 creates the position of port and harbor policeman. That statute, a copy of which is attached as Exhibit "G" indicates that such employees would be classified as peace officers.
 (H) Campus police:
 La. R.S. 17:1805 et. seq. defines the authority of a campus police officer. Based on that statute, a copy of which is attached as Exhibit "H", campus police would be classified as peace officers.
 (I) Department of Agriculture (Brand Commission Officers)
 La. R.S. 3:749 attached hereto as Exhibit "I" indicates that brand commission officers would be classified as peace officers.
 (J) Department of Public Safety Revocation Officers
 While a review of the job description reveals that these officers do have the power to make an arrest their duties are primarily administrative or clerical in nature. Moreover, they do not routinely prevent or detect crime as it relates to the general public. We are of the opinion that this employee could adequately perform his job without those skills taught by the basic law enforcement training program. Because of this the employee would not be classified as a peace officer under the statute. See Exhibit "J" attached hereto.
 (K) Department of Transportation Development (Weights and Standards Officers)
 The weights and standards officer has the limited authority to enforce state weight laws and regulations specified in La. R.S. 32:380 through 32:389. He or she falls within the category of those persons who may perform limited law enforcement functions but do so within a specialized environment or situation, namely insuring that the trucking industry complies with weight and size regulations on state highways. These officers are unarmed and are not responsible for the prevention or detection of crime as it pertains to the general public. Because of this it is our opinion that such personnel would not be classified as peace officers within the meaning of the statute. See Exhibit "K" attached hereto.
 (L) Department of Correction (Probation Parole Officers)
 While these officers also have the power to make an arrest it is only within a restricted situation that they may do so, namely the apprehension of parole or probation violators. Their day to day activities do not include the detection and prevention of crime as it pertains to the public nor do their duties require the execution of arrest or search warrants as to the general public. These employees would not be classified as peace officers within the meaning of La. R.S. 40:2402. See Exhibit "A" attached hereto.
 (M) Mississippi River Bridge Police
 La. R.S. 48:1101.1, a copy of which is attached hereto and made a part hereof as Exhibit "M", outlines the authority of this agency. Officers employed by this agency would be classified as peace officers under the statute.
 (N) District Attorney Investigators:
 We are not able to render a definitive opinion on this position due to the fact that each District Attorney sets his own policy relative to the duties of his investigators. District Attorney Investigators in East Baton Rouge, Orleans, and Jefferson Parishes are commissioned by the Louisiana State Police and local sheriffs' offices. Those investigators routinely make arrests, conduct search and seizures, execute warrants and assist in the detection and prevention of crime. District Attorney Investigators who perform similar duties throughout the state would be considered peace officers under the statute.
 (O) State Fire Marshalls
 A review of the job descriptions (Exhibit "O") indicates that these individuals would be classified as peace officers under the statute.
 (P) Louisiana State Parks (Park Rangers)
 The job descriptions attached hereto as Exhibit "P" indicate that these individuals perform many of the functions outlined in La. R.S. 40:2402 and would be considered peace officers under the statute.
 (Q) Department of Public Safety Security Personnel
 A review of the job description attached hereto as Exhibit "Q" indicates that these officers would be classified as peace officers under the statute.
 (R) Alcohol Beverage Control Board Offices:
 The job description attached hereto as Exhibit "R" indicates that these officers would be classified as peace officers under the statute.
 (S) Department of Health Human Resources (Support Enforcement officers)
 A review of the job description attached hereto as Exhibit "S" indicates that the support enforcement officers would not qualify as peace officers under the statute.
In answer to question number 2 those employees who are classified as peace officers above must complete the basic law enforcement training course as defined in La. R.S. 40:2405.
We might note that these classifications are somewhat arbitrary. We would recommend that specific legislation be enacted defining by agency and position those persons who qualify as officers under the statute.
If we can be of further assistance please advise.
 Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 RENE SALOMON Assistant Attorney General
RS/fd